UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
BRANDON HART,                                               :
                              Plaintiff,                    :
                                                            :        24 Civ. 7423 (LGS)
                -against-                                   :
                                                            :
FEDERAL BUREAU OF INVESTIGATION, et                         :        **ORDER**
al.,                                                        :
                              Defendants.                   :
------------------------------------------------------------X

LORNA G. SCHOFIELD, District Judge:

WHEREAS, this Order addresses a pro se Report and Recommendation (the "Report") dated March 4, 2025, by Magistrate Judge Sarah L. Cave recommending that this case be dismissed without prejudice for failure to serve Defendants, and accepts the recommendation to dismiss.

**Factual Background**

WHEREAS, on October 1, 2024, Plaintiff filed this action, and a summons was issued as to each of the five Defendants. Plaintiff did not file any proof of service.

WHEREAS, on January 2, 2025, Plaintiff was directed to show cause by January 16, 2025, why his claims should not be dismissed under Rule 4(m). The Order warned that failure to respond "[would] result in a recommendation that this action be dismissed." No response was filed by the January 16, 2025, deadline. Instead, Plaintiff filed a separate and largely duplicative action on January 27, 2025. *See Hart v. Fed. Bureau of Investigation*, No. 25 Civ. 781 (S.D.N.Y.) ("*Hart II*").

WHEREAS, the Report recommends dismissal based on a finding that Plaintiff has failed to serve any of the five Defendants, despite a warning that failure to serve would result in a

dismissal under Federal Rule of Civil Procedure 4(m). The Rule states in relevant part that, "[i]f a defendant is not served within 90 days after the complaint is filed, the court . . . must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m); *Ahmed v. Miller*, No. 21 Civ. 6086, 2024 WL 2274558, at *1-2 (E.D.N.Y. May 20, 2024) (adopting report and recommendation recommending dismissal under Rule 4(m)). "But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m).

WHEREAS, the Report notified Plaintiff of his right to file written objections to the Report by March 18, 2025, with a written response from Defendants due fourteen days thereafter.

WHEREAS, Plaintiff, proceeding pro se, subsequently filed over 350 pages of documents. Of these, Judge Cave found that one filed on March 14, 2025 (the "Objections"), was at least partially responsive to the Report but did not provide a basis to alter or vacate the Report. Defendants responded to the Objections on March 28, 2025.

**Legal Principles**

WHEREAS, a reviewing court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). "The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); *accord* 28 U.S.C. § 636(b)(1). Even when exercising de novo review, "[t]he district court need not, however, specifically articulate its reasons for rejecting a party's objections or for adopting a magistrate judge's report and recommendation in its entirety." *Morris v. Local 804, Int'l Bhd. of Teamsters*, 167 F. App'x 230,

232 (2d Cir. 2006) (summary order)[1]; *accord Bulgari v. Bulgari*, No. 22 Civ. 5072, 2024 WL 4345580, at *2 (S.D.N.Y. Sept. 30, 2024).  "When a party makes only conclusory or general objections, or simply reiterates the original arguments made below, a court will review the report strictly for clear error."  *Espada v. Lee*, No. 13 Civ. 8408, 2016 WL 6810858, at *2 (S.D.N.Y. Nov. 16, 2016); *accord TCA Television Corp. v. McCollum*, No. 15 Civ. 4325, 2018 WL 2932724, at *2 (S.D.N.Y. June 12, 2018).  Similarly, where no specific written objection is made, "the district court can adopt the report without making a de novo determination."  *United States v. Male Juv.*, 121 F.3d 34, 38 (2d Cir. 1997); *accord Shulman v. Chaitman LLP*, 392 F. Supp. 3d 340, 345 (S.D.N.Y. 2019) ("A district court evaluating a magistrate judge's report may adopt those portions of the report to which no specific written objection is made, as long as the factual and legal bases supporting the findings and conclusions set forth in those sections are not clearly erroneous or contrary to law.").

WHEREAS, it is well established that "pro se submissions are reviewed with special solicitude and must be construed liberally and interpreted to raise the strongest arguments that they suggest."  *Barnes v. City of New York*, 68 F.4th 123, 127 (2d Cir. 2023).  But "pro se status does not exempt a party from compliance with relevant rules of procedural and substantive law."  *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 477 (2d Cir. 2006); *accord McKenzie-Morris v. V.P. Recs. Retail Outlet, Inc.*, No. 22 Civ. 1138, 2023 WL 5211054, at *5 (S.D.N.Y. Aug. 13, 2023).

---

[1] Unless otherwise indicated, in quoting cases, all internal quotation marks, footnotes and citations are omitted, and all alterations are adopted.

**Discussion**

WHEREAS, the Report is thorough and well-reasoned. The Report is adopted in its entirety. The Objections are overruled.

WHEREAS, Plaintiff's Objections to the Report fall into three broad categories. First, the Objections cite trouble with Plaintiff's process server. Second, the Objections make general accusations of "sabotage" to prevent this case from proceeding. Third, the Objections discuss the merits of Plaintiff's claims, acknowledging that he filed a second case, *Hart II*.

WHEREAS, regarding the first category, the Objections contend that Plaintiff retained a process server but could not obtain proof of service because the process server "would not return [his] emails to allow [Plaintiff] to pay." The Objections offer no documentation of Plaintiff hiring a process server or his alleged attempts to confirm service. "Good cause to excuse a failure to effect service exists only in exceptional circumstances where the plaintiff's failure to serve process in a timely manner was the result of circumstances beyond his control." *Junior-Donohue v. Fudge*, No. 23 Civ. 2474, 2023 WL 5152299, at *1 (S.D.N.Y. Aug. 10, 2023). Here, Plaintiff could have hired a different process server or sought extension, but instead, he filed *Hart II* -- a second, largely duplicative civil action.

WHEREAS, in the second category, the Objections allege sabotage to keep this case from proceeding but lack any further detail. The Objections do not describe who engaged in sabotage, what they did or the effect of their conduct. Generalized assertions of misconduct are insufficient to establish good cause. *See Vaher v. Town of Orangetown*, 916 F. Supp. 2d 404, 420 (S.D.N.Y. 2013) (rejecting arguments "based on nothing more than mere conjecture" when evaluating good cause under Rule 4(m)).

WHEREAS, the third category discusses the merits of Plaintiff's case and acknowledges that Plaintiff filed *Hart II* "in the Southern District Court on January 27, 2025[,] because [he] had a very good feeling that this current case would be thrown out." These arguments do not show good cause for the failure to effectuate service. *See Garcia v. Lamanna*, No. 18 Civ. 5454, 2022 WL 3445433, at *1 (S.D.N.Y. Aug. 17, 2022) ("Objections that are not clearly aimed at particular findings . . . do not trigger de novo review.").

WHEREAS, the facts do not justify a discretionary extension under Rule 4(m). If a plaintiff does not show good cause for failure to effectuate timely service, "a district court *may* grant an extension . . . but it is not required to do so." *Zapata v. City of New York*, 502 F.3d 192, 197 (2d Cir. 2007); *accord Ahmed*, 2024 WL 2274558, at *1. This case has been pending since October 1, 2024, and Plaintiff was warned that failure to serve Defendants would result in dismissal. Regardless, *Hart II* still provides Plaintiff the opportunity to pursue relief on these facts. It is hereby

**ORDERED** that, for the foregoing reasons, the Report's recommendation is **ADOPTED** in full, and the Objections are **OVERRULED**.

The Clerk of Court is respectfully directed to terminate this case and mail a copy of this Order to Plaintiff.

Dated: April 7, 2025
  New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE